Johnson, J.
Did the court of common pleas err in permitting the defendants in' error to open and close the evidence and argument of the case ?
“ When the jury has been sworn the trial shall proceed in the following order, unless the court for special reasons otherwise directs.”
. . “ Third—The party who would be defeated if no evidence were given on either side, must first produce his evidence.” Code, § 266.
Upon the issues joined in the case, if there existed no special reasons, authorizing the court to direct a different order of proceeding, the plaintiff was entitled to begin and close. It was an action for wnliguidated damages, with pleas in justification which were put in issue by the reply. Upon such issues, both reason and the weight of authority is, that the plaintiff should begin and close. 1 Greenl. Ev. § 77, and notes; 1 Whart. Law of Ev. §§ 353, 357, 358 ; Mercer v. Wall, 5 Ad. & El. N. S. 447 (5 Q. B. 447); Page v. Osgood, 2 Gray (Mass.) 260 ; 1 Phillips on Ev. § 816, note 223.
*418 Conceding this to be so, it does not follow that this judgment should be reversed.
The code vests a discretion in the court to change the order of proceeding on the trial, which may be exercised where there are special reasons therefor. Por aught that appears such reasons may have existed. The bill of exceptions does not show that they did not. Error will not be presumed, and to authorize a reversal on the ground of an abuse of this discretion it should appear that the party has been prejudiced. Lord Abinger, in Huckman v. Fernie, 3 Mees. & W. 516, correctly states the rule upon this point thus: “ I cannot say that we should interfere in a very doubtful case; but if the decision of the judge were, clearly and manifestly wrong the court would interfere to set it right. This is sometimes a very important matter, and a departure from the usual rúle might be attended with serious consequences.”
In Geaeh v. Ingall, 14 Mees. & W. 97, Pollock, C. B., in speaking of this case as settling the English practice, says, “ where it is clear that wrong has been done by the ruling of the judge at nisi prius, as to which party should begin, by the onus of proof being thereby imposed on the wrong party, the court in banc will interpose to correct the error.”
The authority to change the order of proof and argument, is not an arbitrary discretion, but depends upon special reasons in the given case. To warrant this court upon error to reverse for allowing the wrong party to assume the onus, it must appear that wrong has been done. This is the object of a bill of exceptions where it does not otherwise appear in the record.
It appears that each party offered all his testimony, and that the case was fully argued to the jury by counsel representing each side. For aught that appears the verdict was supported by the law and the evidence after a full and fair trial. In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party, and no judgment, shall be reversed by reason of such en’or or defect; Code, § 138.
*419 We hold therefore, that in the absence of anything in the record to the contrary, we must presume that the court had special reasons for changing the order of proceeding. Dallas v. Ferneau, 25 Ohio St. 635 ; Courbright v. Staggers, 15 Ohio St. 511. This principle has a forcible application in Fewster v. Goddard, 25 Ohio St. 276, much relied on by counsel for plaintiffs. That was a suit on a promissory note. The answer alleged payment in full. No reply was filed, but the case was tried as if the plea of payment was denied. The court erroneously ruled that the plaintiff had the rightto open and close. The plaintiff offered the note and rested his case. The defendant then gave evidence tending to prove payment, and nested. The plaintiff then gave evidence in rebuttal tending to prove admissions of defendant, that the note had not been paid. The defendant then offered evidence to rebut the plaintiff’s evidence of admissions, but the court rejected this testimony.
Tfus court holds, that in the absence of a reply, the defendant was entitled to a judgment, but that the parties proceeded upon the theory that a reply had been filed, and that upon this supposed issue, the defendant would have been entitled to open and close. The judgment was reversed' for error in holding otherwise, and in rejecting the rebutting evidence offered by defendant.
The court below had erred in two particulars, in allowing the plaimiff to open and close on a plea of payment, and as a consequexice in rejecting defendant’s evidence in rebuttal.
The defendant was denied a right that was manifestly prejudicial, the right to put in all the testimony he had. For a denial of this right the judgment was reversed. In the case at bar no such error appears.
Dragoo v. Whisner, 31 Ohio St. 192, simply holds, that in an action for an assault and battery, with a justification, it is not error to allow the plaintiff to open and close.
This is in harmony with our present holding.

Judgment affirmed